UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SALLY KREUTZBERG, et al.,

                         Plaintiff(s),           **ORDER**
                                                                                        CV 04-3835 (JS) (WDW)

     -against-

COUNTY OF SUFFOLK, et al.,

                         Defendant(s).
----------------------------------------------------------X

**WALL, Magistrate Judge:**

      Before the court are several applications in this matter. First, defendants' letter application dated December 23, 2005 seeks an order precluding plaintiff Thomas Kreutzberg from testifying at trial and requesting issuance of a recommendation that Mr. Kreutzberg's claims be dismissed as a consequence of his behavior at his deposition. Docket Entry ("DE") #22. Plaintiffs opposed the application and cross-moved for outstanding discovery. DE # 21. The second application is plaintiffs' motion to quash the subpoenas of the plaintiffs' non-party children, Thomas Jr. and Kevin. DE #24. The third application is plaintiffs' motion for sanctions regarding actions by defendants including the allegedly unauthorized release of plaintiff Sally Kreutzberg's medical records to the Internal Affairs Bureau ("IAB") of the Suffolk County Police Department. DE #28.

<u>Defendants' Motion to Preclude Testimony/Dismiss Claims</u>

      This motion centers around the alleged behavior of Mr. Kreutzberg at his deposition. According to defendants' counsel, Arlene Zwilling, Mr. Kreutzberg engaged in several actions disruptive to the proceedings, the most extreme being when he "put his entire hand down the front of his pants, began rubbing his private parts (or pretending to) while moaning." Zwilling ltr. at

p. 1, DE #22-1. An affidavit from the court reporter, Christine Newell, submitted in support of the motion, states that "[s]everal minutes into the deposition, Mr. Kreutzberg leaned back away from the table so that the lower portion of his body would be visible to Ms. Zwilling and me. He then put his entire hand inside the front of his pants, and was either pretending or actually touching himself in an obscene and inappropriate manner." Newell Aff. at ¶4, #DE 22-3.

Mr. Kreutzberg's explanation for these events is that "[a]t some point, I looked down and found that my undershirt was hanging out. I must have pulled it out when I moved the table. So I quietly used my hand to tuck my shirt into my pants." T. Kreutzberg Aff. at ¶19, DE [21]. Even he notes, however, that "Ms. Zwilling shouted out: 'MR. MERRITT, PLEASE TAKE YOUR HAND OUT OF YOUR PANTS.'" Id. at ¶21.[1] Ms. Zwilling's mistake, and the fact that she, in Mr. Kreutzberg's words, "shouted out," is further evidence of how startled she was at Mr. Kreutzberg's actions.

In the end, the court relies on the affidavit of the court reporter as the only neutral evidence on the subject. Despite Mr. Kreutzberg's query of "I can only ask if she ever saw someone tuck in his undershirt before?" T. Kreutzberg Aff. at ¶20, the court notes that she would have no reason to misstate her perception of Mr. Kreutzberg's actions. The court finds it more likely than not that Mr. Kreutzberg behaved inappropriately at his deposition. Although such behavior is reprehensible, the remedy of dismissal is a drastic one and the court will not recommend it on the record before it. Mr. Kreutzberg is warned, however, that the court will not

---

[1] Plaintiffs' counsel makes much of the fact that his name was used by Ms. Zwilling, even going so far as to call it a "false accusation." Merritt ltr. at p. 2. DE #21-1. Taken in context, the court can easily imagine how Ms. Zwilling might temporarily misspeak under the circumstances, and cannot interpret it as a deliberate accusation leveled at Mr. Merritt.

hesitate to impose severe sanctions should he misbehave further in this litigation. Accordingly, defendants' motion to preclude Mr. Kreutzberg's testimony and to recommend dismissal of his claims, DE #22, is DENIED.

The court notes that many of the disagreements in this contentious litigation often come down to a "he said-she said" interpretation of events. To avoid a repeat of the events to date, all future depositions in this matter will be videotaped. In each deposition, the camera shall be positioned so that the witness and both counsel are visible. Costs of the videographer shall be borne by the party taking the deposition. All parties and counsel are warned that the undersigned will not hesitate to award sanctions for any future misconduct.

Plaintiffs' cross-moved for an order compelling outstanding production of the criminal trial transcript. As the parties advise that those materials have been produced, the cross-motion, DE #21, is DENIED as moot.

Plaintiffs' Motion to Quash Subpoenas

At the conference held before the undersigned on February 28, 2006, plaintiffs agreed to withdraw this motion after the parties agreed to attempt to work out the scheduling of depositions of the plaintiffs' non-party children, Thomas, Jr. and Kevin. Specifically, defendants' counsel agreed to take Thomas Kreutzberg, Jr.'s deposition after 4:00 p.m., but noted that there may be logistical delays while she locates a court reporter willing to work on those terms. Thus, motion DE #24 is deemed withdrawn.

Plaintiffs' Motion for Sanctions for Release of Medical Records & Other Actions

Plaintiffs seek sanctions for alleged actions taken by defendants' counsel, Ms. Zwilling, over the course of the litigation. Specifically, plaintiffs allege that the IAB investigation report

3

referenced and attached medical records of plaintiff Sally Kreutzberg, and that such records must have been supplied to the IAB by Ms. Zwilling and/or County Attorney Christine Malafi in violation of the "privacy" act. Plaintiffs' legal support for this argument is limited to a reference to 5 U.S.C. §520 et seq. The court notes, however, that there is no law located at this citation.

In response, defendants assume that plaintiffs intended to reference the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §1320 et seq. Defendants correctly point out that HIPAA regulations apply to health providers and other "covered entities." In this case, the records were released by the provider, upon receipt of a properly executed authorization for release of records, to the Suffolk County Attorney in compliance with HIPAA regulations. The subsequent forwarding of those records from the County Attorney's Office to the Suffolk County Police Department IAB does not fall under HIPAA. The remaining issue is whether the forwarding of her medical records to the IAB violated her privacy in some other manner.

Plaintiffs' motion is denied on several grounds. First, plaintiffs have utterly failed to provide any legal support for their argument. Second, the release of medical records executed by Sally Kreutzberg specifically provides that "once the . . . information is disclosed, it may be redisclosed by the recipient," in this case the Suffolk County Attorney. Authorization ¶9, DE #29-2. The conduct here does not involve some public release of the records, but rather a forwarding of the records to the IAB, an administrative arm of defendant Suffolk County.

Finally, the court is at a loss to see how the review of the records by the IAB caused Mrs. Kreutzberg "further damages" as alleged in her application. To the contrary, one would think that Mrs. Kreutzberg would want the IAB, as part of conducting a thorough investigation of

plaintiffs' allegations against the individual defendant officers, to know the extent of the injuries she allegedly suffered at their hands. Moreover, Mrs. Kreutzberg must know that her medical records will be necessary at trial to prove her damages.

The application also raises allegations that Ms. Zwilling has misrepresented her role as an attorney for non-party police officers in an attempt to disrupt this litigation by refusing to accept notices of deposition for those officers. At the February 28th conference, Ms. Zwilling explained that at the time the notices were sent, she did not represent the non-party officers. However, after receiving subpoenas, the non-party officers requested and were given assistance of counsel from the County, thus allowing Ms. Zwilling to represent them at the depositions. The letters submitted by counsel support the interpretation of these events given by Ms. Zwilling, and the court finds no misconduct. For all the above reasons, plaintiffs' motion for sanctions, DE #28, is DENIED.

Dated: Central Islip, New York
March 2, 2006

SO ORDERED:

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge