```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
SALLY KREUTZBERG and THOMAS
KREUTZBERG,

                    Plaintiffs,            MEMORANDUM AND ORDER
                                           04-CV-3835 (JS)(WDW)
     - against -

COUNTY OF SUFFOLK, MICHAEL A.
CROWLEY SHIELD NO. 3598, BRIAN
McDERMOTT, POLICE OFFICERS EMPLOYED
BY THE COUNTY OF SUFFOLK,

                    Defendants.
------------------------------------X
Appearances:
For Plaintiffs:      Richard J. Merritt, Esq.
                     2 Birs Avenue
                     Lindenhurst, NY 11757

For Defendants:      Robert A. Caccese, Esq.
                     Suffolk County Attorney
                     P.O. Box 6100
                     H. Lee Dennison Building-Fifth Floor
                     100 Veterans Memorial Highway
                     Hauppauge, NY 11788-0099
```

SEYBERT, District Judge,

INTRODUCTION

Plaintiffs commenced the instant action on September 3, 2004 against the County of Suffolk ("County") and Police Officers Michael A. Crowley ("Crowley") and Brian MacDermott[1] ("MacDermott" and, together with "Crowley", the "Defendant Police Officers"). Plaintiffs allege violations of the First, Fourth, Fifth, Sixth and Fourteenth Amendments and the New York State Constitution.

---

[1] Plaintiffs brought the instant action against, among others, Police Officer "Brian McDermott"; however, the Court will use the correct spelling of such Defendant's name.

Plaintiffs seek damages pursuant to 42 U.S.C. §1983 for false arrest, excessive force, assault, malicious prosecution and loss of consortium and services. Additionally, Plaintiffs allege corresponding pendent state law claims.

Presently pending before the Court is Defendants' motion for partial summary judgment with respect to the pendent state law claims (other than malicious prosecution) and Plaintiff Thomas Kreutzberg's ("Mr. Kreutzberg") Section 1983 claim for loss of consortium and services. For the reasons explained below, Defendants' motion for partial summary judgment is hereby GRANTED.

## BACKGROUND

The underlying incident that gives rise to this motion is the arrest of Plaintiff Sally Kreutzberg ("Ms. Kreutzberg") on Saturday, June 7, 2003 by Crowley and MacDermott. (Pls.' Mem. of Law 1.) Plaintiffs' attorney sent a certified letter to the Suffolk County Attorney's Office containing a purported notice of claim made in the names of Plaintiffs and their son, Thomas Kreutzberg, which was dated "June __, 2004" (the "Notice of Claim"). (Defs.' Am. R. 56.1 Statement ¶¶ 2-3.) The certified mailing envelope was date stamped June 17, 2004 by the post office, and the contents of the envelope were time stamped received by the Suffolk County Attorney's Office on June 28, 2004, 10:15 a.m. (Id. ¶¶ 3-4, Ex. A & C.) The Notice of Claim was rejected by Defendants' counsel and returned to Plaintiffs' counsel accompanied

by a letter dated July 9, 2004. (Id. ¶ 4.) The Notice of Claim was rejected for failure (1) to serve within the ninety-day time limit, (2) to adequately state the place and manner in which the alleged claim arose and (3) to sign, all as required by Section 50-e of the General Municipal Law of the State of New York. (Id. ¶ 4, Ex. C; N.Y. Gen. Mun. Law §50-e.) Subsequently, Plaintiffs' counsel sent a second purported notice of claim, via regular mail, to the Suffolk County Executive, which was a photocopy of the first Notice of Claim with added language about the place and manner in which the alleged claim arose and the signatures of Mr. Merritt and Ms. Kreutzberg (the "Second Notice of Claim"). (Defs.' Am. R. 56.1 Statement ¶¶ 5-6.) The Second Notice of Claim was dated "June 15, 2004"; however, Ms. Kreutzberg's verification of the Second Notice of Claim was notarized by Mr. Merritt on July 15, 2004. (Id. ¶ 6, Ex. E.) The Second Notice of Claim was time stamped received by the Suffolk County Attorney's Office on July 22, 2004, 10:35 a.m., and the envelope in which it was mailed was date stamped July 18, 2004 by the post office. (Id. Exs. D & E.) Once again, Defendants' counsel rejected and returned the Second Notice of Claim, with an accompanying letter dated July 22, 2004, because it was not served personally or by certified mail within the ninety-day time limit. (Id. ¶ 7, Ex. F.)

## STANDARD OF REVIEW

"Summary judgment is appropriate where there is no

genuine dispute concerning any material facts, and where the moving party is entitled to judgment as a matter of law." <u>Harvis Trien & Beck, P.C. v. Fed. Home Loan Mortgage Corp (In re Blackwood Assocs., L.P.)</u>, 153 F.3d 61, 67 (2d Cir. 1998)(citing Fed. R. Civ. P. 56(c)); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." <u>McLee v. Chrysler Corp.</u>, 109 F.3d 130, 134 (2d Cir. 1997); <u>see also</u> <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>McLee</u>, 109 F.3d at 134.

"Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 41 (2d Cir. 2000) (quoting <u>Anderson</u>, 477 U.S. at 256). Under the law of the Second Circuit, "when no rational jury could find in favor of the nonmoving party because the evidence is so slight, there is no

4

genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1224 (2d Cir. 1994) (citing Dister v. Continental Group, Inc., 859 F.2d 1108, 1114 (2d Cir. 1988). "Mere conclusory allegations or denials will not suffice." William v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). Indeed, when a motion for summary judgment is made, it is time to "to put up or shut up. . . . [U]nsupported allegations do not create a material issue of fact." Weinstock, 224 F.3d at 41 (internal citations omitted). It is within this framework that the Court addresses the present summary judgment motion.

## DISCUSSION

I. State Law Claims

Defendants argue that Plaintiffs' pendent state law claims (other than malicious prosecution) must be dismissed for failure to file a Notice of Claim pursuant to New York General Municipal Law Section 50-e. Initially, Plaintiffs claimed that a "Notice of Claim was sent to defendant, County of Suffolk during June, 2003 and received by County." (Pls.' Rule 56.1 Counter-Statement.) Plaintiffs offered no support for this conclusory allegation and, in fact, never raised it again. Instead, Plaintiffs stated that a notice of claim was properly and timely served by certified mail on June 28, 2004. Although Plaintiffs subsequently conceded that service of the Notice of Claim was made in June 2004, they contend that the green card signifying service

5

of the notice of claim by certified mail is missing the last digit of the year. Again, Plaintiffs offer no proof to support their allegations, while Defendants provided a copy of the certified mailing envelope that clearly indicates the Notice of Claim was mailed on June 17, 2004. (Defs.' Am. R. 56.1 Statement ¶ 3, Ex. A.)

Notwithstanding Plaintiffs' contentions that the notice of claim was properly served, Plaintiffs argue that a notice of claim (1) is not a prerequisite to bringing a Section 1983 action and (2) is not required in order to bring suit against individual defendants. (Pls.' Mem. of Law 2). Plaintiffs correctly point out that there is no notice of claim requirement with respect to their Section 1983 claims. See Ahern v. Neve, 285 F. Supp. 2d 317, 321 (E.D.N.Y. 2003) ("While the notice of claims requirement applies to state-based claims, it does not apply to actions brought pursuant to Section 1983.") Such an assertion is irrelevant, however, because Defendants' argument is that Plaintiffs failed to properly and timely serve a notice of claim with respect to their pendent state law claims (other than malicious prosecution), not Plaintiffs' Section 1983 actions. To the extent that Plaintiffs argue that a notice of claim is not required prior to bringing pendent state law claims within an action that has corresponding Section 1983 claims, that argument is completely without merit. See Hardy v. New York City Health & Hosps. Corp., 164, F.3d 789,

6

793 (2d Cir. 1999) (citing Fincher v. County of Westchester, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997)(holding that state notice-of-claim requirements apply to state tort claims brought as pendent claims in federal actions)).

In order to bring a state tort claim against a municipal entity or its employees acting in the scope of their employment, a plaintiff must serve a notice of claim personally or by certified mail within ninety days of the incident giving rise to the claim and commence the action within a year and ninety days from the date on which the cause of action accrues. See N.Y. Gen. Mun. Law. §§ 50-e and 50-I; see also Hardy, 164 F.3d at 793 (holding that, in federal court, state notice of claim statutes apply to state law claims); Harris v. Bowden, No. 03-CV-1617, 2006 U.S. Dist. LEXIS 12450, at *22 (S.D.N.Y. March 23, 2006) ("Under New York law, notice of claim is a statutory precondition to filing suit against the City or its employees). "A plaintiff's failure to file a notice of claim requires dismissal of pendent state tort claims against the City or its employees in a federal civil rights action." Robinson v. Matos, No. 97-CV-7377, 1999 U.S. Dist. LEXIS 5447, at *3 (S.D.N.Y. April 19, 1999) (citing Felder v. Casey, 487 U.S. 131, 151, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988)).

Plaintiffs' second argument fails because Plaintiffs have commenced this action against the County and Defendant Police Officers, as employees of the County acting within the scope of

7

their employment. With respect to the state law claims, Plaintiffs were required to serve a notice of claim on both the County and the Defendant Police Officers, as employees of the County, within 90 days of the incident giving rise to the claims. See Harris, 2006 U.S. Dist. LEXIS 12450, at *22; Robinson, 1999 U.S. Dist. LEXIS 5447, at *3. The incident giving rise to the state law claims (other than malicious prosecution), Ms. Kreutzberg's arrest, occurred on June 7, 2003. Plaintiffs first attempted to serve a notice of claim on Defendants on June 17, 2004; over one year after Ms. Kreutzberg's arrest. Plaintiffs argue that, with respect to the loss of consortium claim, the notice of claim was timely served because such "claim is a continuing matter and did not necessarily arise on the date plaintiff was arrested." (Id. at 3.) Although Plaintiffs pose a number of questions to the Court, they fail to cite any case law to support their argument that Mr. Kreutzberg's loss of consortium claim arose at some date after Ms. Kreutzberg's arrest. (Pls.' Mem. of Law 5-6.) To the extent that Mr. Kreutzberg's claim for loss of consortium and services derives from Ms. Kreutzberg's pendent state law claims, all such claims arose on June 7, 2003. See Dusenbury v. City of New York, No. 97-CV-5215, 1999 U.S. Dist. LEXIS 5039, at *7 (S.D.N.Y. April 9, 1999)(finding that the loss of consortium claim arose on the date the plaintiff-husband alleged he was injured by the police); Almonte v. New York City Housing Authority, No. 89-CV-7677, 1990 U.S. Dist. LEXIS 9341,

8

at *17 (S.D.N.Y. July 30, 1990); see also Santiago v. Newburgh Enlarged City Sch. Dist., 434 F. Supp. 2d 193, 198 (S.D.N.Y. 2006).

Plaintiffs were required to serve a notice of claim on both Defendants within 90 days of the incident giving rise to the claim. Here, there is no genuine issue of material fact that Plaintiffs failed to file their notice of claim within the requisite 90-day period.[2] Plaintiffs' unsupported allegation that a notice of claim was sent to the County in June 2003 fails to create a material issue of fact as to when the notice of claim was served. See Weinstock, 224 F.3d at 41. Accordingly, the Court hereby GRANTS Defendants' motion for partial summary judgement with respect to the pendent state law claims (other than malicious prosecution) and such claims are hereby dismissed.

## II. Loss of Consortium Under Section 1983

In addition to a state law loss of consortium claim, Mr. Kreutzberg brought an action under Section 1983 for loss of consortium and services based on the Defendant Police Officers' actions toward Ms. Kreutzberg. Defendants argue that such an action is not cognizable under Section 1983. Plaintiffs concede that the Second Circuit has not ruled on whether a claim for loss of consortium can be brought under Section 1983, but contend that the United States Supreme Court has "tacitly approved" such an

---

[2] Since the Court finds a notice of claim was not timely served on Defendants, it will not address the sufficiency of the Notice of Claim or the Second Notice of Claim.

9

action in Owen v. Okure, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). (Pls.' Mem. of Law 4). Plaintiffs also contend that the First, Sixth and Eleventh Circuits have ruled that a loss of consortium claim is properly brought under Section 1983. (Id.) Plaintiffs reliance on Owen and the other circuit cases, however, is at best misplaced and at worst disingenuous.[3]

As Plaintiffs correctly point out, the Second Circuit has

---

[3] In Owen v. Okure, the Supreme Court decided, inter alia, the appropriate state tort statute of limitation to apply in Section 1983 actions. 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). As part of the Supreme Court's analysis, in a footnote, it surveyed state tort statutes of limitations in different states to illustrate the difficulty and confusion that would result in applying intentional tort statutes of limitations to Section 1983 actions. Id. at 244 n.8. Some examples included statutes of limitations governing loss of consortium, breach of a promise to marry and injuries suffered from participation in skiing or hang gliding. Id. In citing these examples, the Supreme Court did not tacitly approve Section 1983 claims for loss of consortium or breach of a promise to marry; it simply illustrated how varied the statutes of limitations governing intentional torts are among the states.
Additionally, Plaintiffs assert that the First, Eleventh and Sixth Circuits have ruled that loss of consortium claims are cognizable under Section 1983. See Rankin v. Evans, 133 F.3d 1425 (11th Cir. 1998); Thornton v. Spooner, 872 F.2d 1029 (6th Cir. 1989); Daury v. Smith, 842 F.2d 9 (1st Cir. 1988). None of these cases, however, hold that a loss of consortium claim is properly brought under Section 1983. In Thornton, the plaintiff brought a pendent state loss of consortium claim. See Thornton, 872 F.2d at 1029. In Rankin and Daury, the courts mention in footnotes that loss of consortium claims were brought, but do not specify whether they were state law claims or Section 1983 claims. See Rankin, 133 F.2d at 1431 n.7 (noting that the jury awarded plaintiff damages for a loss of consortium claim); Daury, 842 F.2d at 11 n.2 (mentioning, in a footnote to a sentence describing pendent state law claims, that there is also a claim for loss of consortium). Nothing in the decisions suggest or intimate that a loss of consortium claim is cognizable under Section 1983.

not ruled on whether a claim for loss of consortium can be brought under Section 1983; however, all four Second Circuit district courts and the Sixth Circuit have found that a loss of consortium claim is a derivative claim that is not cognizable under Section 1983. See Stallworth v. City of Cleveland, 893 F.2d 830, 838 (6th Cir. 1990) (holding that Section 1983 does not reach a state law loss of consortium claim, as the claim does not involve "an injury based on a deprivation of the [plaintiff's] rights, privileges, and immunities."); Wahhab v. City of New York, 386 F. Supp. 2d 277, 292 (2005) ("§ 1983 does not support derivative claims for loss of consortium."); Juncewicz v. Patton, No. 01-CV-0519, 2002 U.S. Dist. LEXIS 22651, at *9 (W.D.N.Y. Oct. 8, 2002); Pritzker v. City of Hudson, 26 F. Supp. 2d 433, 445 (N.D.N.Y. 1998) ("Loss of consortium is not an independent cause of action, but is derivative. . . . Second, section 1983 does not support a derivative claim for loss of consortium."); Bright v. City of New York, No. 83-CV-7775, 1985 U.S. Dist. LEXIS 21042, at *3 (S.D.N.Y. April 4, 1985) ("loss of consortium is a state law tort claim that is not cognizable under section 1983"); Kirton v. Hassel, No. 96-CV-1371, 1998 U.S. Dist. LEXIS 6535, at *28 (E.D.N.Y. March 25, 1998)(citing Stanley v. City of New York, 587 F. Supp. 393, 396 (E.D.N.Y. 1984) ("Loss of consortium, however, is a state law claim which does not rise to the level of a constitutional violation.")). Accordingly, Mr. Kreutzberg's claim for loss of consortium is a

derivative claim that is not cognizable under Section 1983, and such claim is dismissed.

## CONCLUSION

For all of the reasons set forth herein, the Court hereby GRANTS Defendants' motion for partial summary judgment with respect to the pendent state law claims (other than malicious prosecution) and Mr. Kreutzberg's Section 1983 claim for loss of consortium and services.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
November  20 , 2006